A06A1694. ANTHONY v. THE STATE.
(638 SE2d 877)

MILLER, Judge.

Following a jury trial, Kelvin Bernard Anthony was convicted of two counts of rape, two counts of false imprisonment, two counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, and one count of kidnapping. Anthony appeals from the denial of his motion for a new trial, alleging that the trial court made improper comments regarding his credibility, in violation

of OCGA § 17-8-57. Anthony further asserts that he received ineffective assistance of counsel, as evidenced by his attorney's failure to object to the admission of improper victim impact evidence and to testimony regarding the credibility of a witness. Discerning no error, we affirm.

Construed in the light most favorable to the verdict, the evidence shows that on July 10, 2004, the victim got into Anthony's car with the understanding that he was going to drive her and a cousin to the store. Instead, Anthony dropped the cousin off at a friend's house and drove the victim to a local park, where he raped her at gunpoint. Anthony then drove the victim to another park and raped her once more at gunpoint. At trial, Anthony testified that he had engaged in consensual sexual intercourse with the victim.

1. Anthony contends that, in characterizing his testimony as evasive and instructing him to give direct responses on cross-examination, the trial court improperly commented on his credibility. To constitute an improper comment under OCGA § 17-8-57, the trial court's statement must "express[ ] an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty." *Caldwell v. State*, 273 Ga. App. 135, 139 (2) (614 SE2d 246) (2005). A trial court's instruction to a defendant to give responsive answers does not indicate an opinion as to either the defendant's credibility or his guilt or innocence. *Muse v. State*, 160 Ga. App. 272, 274 (4) (287 SE2d 224) (1981) (no error where "[i]n response to [defendant's] assertion that he was trying" to give responsive answers, trial court "stated that it, not [defendant] would have to be the judge of whether the answers were in fact responsive"). Nor does a trial court's expression of frustration or exasperation with a defendant amount to an improper comment on the case. *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998) (Trial judge's comment to defendant that "he was holding his temper as best he could" and subsequent exchange regarding whether court was angry at defendant was not error.).

Here, the court explained to Anthony that he should initially respond to the questions with "yes" or "no," and then explain his answer, if necessary. When Anthony continued to give nonresponsive answers, the court reiterated its earlier instructions. Anthony insisted that he was trying to be responsive, to which the trial court replied: "No, you're not trying to respond, you're trying to evade. Now I'm not going to continue down that road." The foregoing demonstrates that the trial court did no more than direct Anthony to answer the questions being asked. The court expressed no opinion as to the truthfulness of Anthony's testimony, whether responsive or not. Consequently, the trial court did not violate OCGA § 17-8-57.

2. Anthony also asserts an ineffective assistance of counsel claim, premised on his attorney's failure to object to alleged victim impact testimony and to the testimony of one witness as to the credibility of another. "To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004). Anthony has failed to meet this burden.

"Victim-impact evidence goes to the impact of the crime on the victim, the victim's family, or the community. [Cit.]" *In the Interest of W. N. J.*, 268 Ga. App. 637, 639 (602 SE2d 173) (2004). Such evidence is admissible only at the penalty phase of a trial, and admission of the same during the guilt or innocence phase of the trial may constitute reversible error. *Lucas v. State*, 274 Ga. 640, 643 (2) (555 SE2d 440) (2001).

Anthony argues that the victim's passing reference to "all of the really bad things that have . . . happened to me [in my life]" and the testimony of the victim's grandmother that the victim's mother had been unable to raise her because of the mother's drug problems represented victim impact statements. Neither statement, however, constitutes victim impact testimony, because neither addresses the impact of the crime at issue. See *In the Interest of W. N. J.*, supra, 268 Ga. App. at 639. Counsel's failure to make a meritless objection regarding the alleged victim impact statements does not constitute ineffective assistance. *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

Anthony further asserts that trial counsel was ineffective for failure to object to testimony given by the responding police officer which improperly bolstered the victim's credibility. Specifically, the officer testified that she was trained to look for "certain behaviors in people who might be making false statements" and that the victim exhibited none of these behaviors at the time the officer took her statement. Under these circumstances, "the inquiry was simply whether the [officer] noticed any particular actions or statements that indicated deception, not whether she found the [victim] believable or credible." *Kendrick v. State*, 269 Ga. App. 831, 835 (4) (605 SE2d 369) (2004). Compare *Patterson v. State*, 278 Ga. App. 168, 172 (628 SE2d 618) (2006).

Given that the police officer's testimony was both relevant and admissible, trial counsel's failure to object to the same did not render the assistance of that counsel ineffective. See *Hayes*, supra, 262 Ga. at 884-885 (3).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

Decided November 17, 2006.

*Wystan B. Getz*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.