A08A0865. BROWN v. THE STATE.
(667 SE2d 899)

MILLER, Judge.

Following a jury trial, Von Eric Brown was convicted of a single count each of rape (in violation of OCGA § 16-6-1) and false imprisonment (in violation of OCGA § 16-5-41). Brown now appeals from the trial court's denial of his motion for a new trial, claiming ineffective assistance of counsel and prosecutorial misconduct. Brown further asserts that the evidence was insufficient to sustain his conviction for rape. Discerning no error, we affirm.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence. We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses.

(Citations and punctuation omitted.) *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

So viewed, the evidence shows that in May 2003, Brown assaulted a female tourist as she was walking from midtown Atlanta to her downtown hotel. Brown pulled the tourist off the street and into a secluded area adjoining a nearby parking lot, where he raped her. Eugene Watson, an eyewitness to the incident, identified Brown to police and the victim identified him, from a photographic lineup, as her assailant.

Following his conviction, Brown filed a motion for a new trial, which was denied. This appeal followed.

1. We find no merit in Brown's first assertion of error, that he received ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. To demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. Such a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case.

(Citations and punctuation omitted.) *Knox v. State*, 290 Ga. App. 49, 51-52 (1) (658 SE2d 819) (2008). Furthermore, "[a]ppellate courts are generally reluctant to reverse a case on the ground of ineffective assistance where the complaint urged can reasonably be construed as involving defense counsel's trial strategy." (Citation and punctuation omitted.) *Vann v. State*, 266 Ga. App. 238, 240 (1) (596 SE2d 722) (2004).

Here, Brown bases his ineffective assistance claim on his trial counsel's failure to strike a juror for cause and counsel's failure to object to (i) hearsay testimony offered by Watson and the investigating police officer; (ii) opinion testimony offered by the doctor who conducted the rape exam of the victim; and (iii) certain statements made by the prosecutor during closing argument. As discussed below, however, we find that trial counsel's alleged failures do not constitute ineffective assistance.

(a) Brown asserts that trial counsel erred in failing to strike juror number 1, because voir dire showed that the juror was

"indecisive" as to whether he could be impartial toward Brown. As trial counsel explained at the motion for new trial hearing, however, he did not move to strike juror number 1 because he did not believe such a motion would be successful. Given the applicable law, we cannot say that trial counsel's strategic decision on this issue was error.

A juror's mere "indecisiveness" as to whether he could be fair and impartial is insufficient to support a strike for cause. Rather, a party seeking to strike a juror for cause must show that the potential juror has "an opinion . . . so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." (Citation omitted.) *Moreland v. State*, 263 Ga. App. 585, 586 (1) (588 SE2d 785) (2003). Moreover, "a juror who expresses a willingness to try to be objective and whose bias arises from feelings about the particular crime as opposed to feelings about the accused may be eligible for service." *Ivey v. State*, 258 Ga. App. 587, 593 (2) (574 SE2d 663) (2002). Similarly, a juror who has expressed doubts about his ability to be impartial will be eligible to serve where he also "positively testifie[s] that, despite his general doubts, he could set his feelings aside and make a decision based on the facts and law alone." *Moreland v. State*, supra, 263 Ga. App. at 587 (1).

While the juror in this case stated that he did not know whether his experiences would bias him toward Brown, he also stated that he did not think he would be biased against Brown, that he had no bias specifically against Brown, that he would try his best to base his decision solely on the evidence, and that he could listen to the evidence and abide by the court's charge on the burden of proof. In light of this testimony, trial counsel's failure to move to strike juror number 1 for cause did not render his representation of Brown deficient. See *Bryant v. State*, 282 Ga. 631, 639-640 (8) (651 SE2d 718) (2007).

(b) At trial, the State introduced evidence of three incriminating statements made by Brown. First, Watson testified that, after the victim fled the scene, Watson told Brown that he thought that the victim would file rape charges against Brown. According to Watson, Brown responded that he would not be convicted of raping "a white woman [in] a black ghetto." The investigating officer, Frank Lupo, testified that Watson took him to the crime scene in an attempt to locate Brown. Upon arriving at the scene, Watson saw Brown, and identified him to Lupo. When Lupo approached him, Brown pointed to himself and said "you're looking for me aren't you." Brown then saw Watson and said, "Eugene told on me, didn't he."

Brown argues that trial counsel's failure to object to the foregoing testimony as inadmissible hearsay rendered his representation

deficient. This argument, however, fails to acknowledge that "[a] voluntary, incriminating statement . . . by a criminal defendant is admissible as an exception to the hearsay rule, as is an express or implied admission against interest. [Cits.]" *Shields v. State*, 223 Ga. App. 169, 170 (477 SE2d 342) (1996). See also OCGA § 24-3-34; *Teal v. State*, 282 Ga. 319, 327 (3) (647 SE2d 15) (2007) ("A defendant's incriminating statement is admissible when it constitutes an admission against the defendant's penal interest because [it] is the admission of a party-opponent.") (citations and punctuation omitted). Given that the testimony at issue was admissible, trial counsel did not err in failing to object to the same. *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006).

(c) At trial, the State presented the testimony of Dr. Ritu Saloni, the physician who performed the rape exam of the victim. Dr. Saloni was qualified, without objection, as a medical expert in the field of rape and trauma. On redirect examination, Dr. Saloni testified that the victim's demeanor was consistent with someone who had been sexually assaulted. Brown asserts that trial counsel should have objected to this testimony because it bolstered the credibility of another witness — i.e., the victim. We disagree.

It is true that a witness' credibility may not be "bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Citation, punctuation and footnote omitted.) *Cook v. State*, 276 Ga. App. 803, 805-806 (3) (625 SE2d 83) (2005). "It is not improper bolstering, however, for a witness to express an opinion as to whether objective evidence in the case is consistent with the victim's story." (Punctuation and footnote omitted.) *Hill v. State*, 290 Ga. App. 140, 146 (5) (g) (658 SE2d 863) (2008). Thus, a physician with expertise in treating rape victims may testify as to whether an alleged victim's demeanor or behavior is consistent with that of a sexual assault victim, generally. Such testimony addresses only the physician's objective observations of the victim's behavior, "not whether she found the [victim's statements] believable or credible." *Kendrick v. State*, 269 Ga. App. 831, 835 (4) (605 SE2d 369) (2004). See also *Anthony v. State*, supra, 282 Ga. App. at 459 (2) (officers trained to look for "certain behaviors in people who might be making false statements" may testify as to whether a victim exhibited any of those behaviors without impermissibly bolstering the victim's credibility) (punctuation omitted). Given that Dr. Saloni's testimony was both relevant and admissible, trial counsel did not err in failing to object to the same. Id.

(d) Nor do we find any merit in Brown's assertion that trial counsel was ineffective for failing to object to certain statements the prosecutor made during closing argument.

(i) Dr. Saloni testified that, in describing her assailant, the victim had stated "she . . . suspected maybe a chipped or missing tooth on the left side of his mouth." In his closing argument the prosecutor pointed to that testimony and stated, "I can't make [Brown] show his teeth. His lawyer can make him stand up." On appeal, Brown claims that trial counsel should have objected to this statement, because it impermissibly shifted the burden to him to prove his innocence and represented a comment on his failure to testify. In support of this argument, Brown points to the fact that, during deliberation, the jury asked the trial court if they could see Brown's teeth. The State, conversely, argues that the prosecutor's statement was a permissible comment on Brown's failure to rebut the State's evidence.

We need not decide, however, whether trial counsel erred in failing to object to the prosecutor's statement, because any such failure did not prejudice Brown. With respect to an ineffective assistance claim, "[p]rejudice is shown by demonstrating that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." (Citation omitted.) *Grant v. State*, 289 Ga. App. 230, 235 (5) (656 SE2d 873) (2008). During his rebuttal to the State's closing argument, trial counsel countered the prosecutor's statement by noting that the State had failed to produce any evidence that Brown was missing a tooth. He emphasized the State's failure in this regard despite the fact that the State had presented several witnesses, including two police officers, who had spoken with Brown and who could testify as to whether Brown had all his teeth. Trial counsel further emphasized that the State bore the burden of proof, and explained that had the defense put in any evidence, trial counsel would have forfeited the opportunity to present the final closing argument. In light of this rebuttal, and given the significant evidence of Brown's guilt, we cannot find "a reasonable probability . . . that the outcome of the case would have been different" if trial counsel had objected to the allegedly improper statement. (Citation omitted.) Id.

(ii) Brown also claims that trial counsel erred in failing to object when, during closing argument, the prosecutor improperly bolstered the credibility of both the victim and Watson by telling the jury that those witnesses "were not lying." We disagree.

"As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence." (Citations and punctuation omitted.) *Young v. State*, 272 Ga. App. 304, 312 (4) (e) (612 SE2d 118) (2005). Accordingly, it is proper for a prosecutor to urge the jury to draw

inferences from the evidence regarding the credibility of witnesses. See, e.g., *Navarro v. State*, 279 Ga. App. 311, 314 (2) (b) (630 SE2d 893) (2006); *Emberson v. State*, 271 Ga. App. 773, 776 (3) (611 SE2d 83) (2005). Reviewing the prosecutor's closing argument as a whole, and as a response to the defense, we find no improper argument regarding witness veracity.

During trial, the defense pursued a line of questioning emphasizing that the victim gave inconsistent descriptions of her assailant to the police and Dr. Saloni and that these descriptions did not necessarily resemble Brown. Additionally, the defense had thoroughly cross-examined Watson regarding inconsistencies in his statement to police and his testimony on direct examination. Trial counsel also attempted to impeach Watson's credibility by showing that Watson had been arrested on drug-related charges and suggesting that he offered to testify against Brown in hopes of receiving favorable treatment from law enforcement with respect to those charges. Moreover, the defense emphasized the foregoing inconsistencies and questions regarding Watson's credibility in trial counsel's initial closing argument. Thus, the prosecutor responded to that argument by stating:

> Ladies and gentlemen, [the victim] described [her assailant] as best she could. She recognized him from the lineup. He was identified by Mr. Watson. And evidence has proven beyond a reasonable doubt that he raped [the victim]. What reason would [the victim] have to lie? What reason would Mr. Watson have to lie? To lie [in identifying Brown as the assailant] would mean that there's a rapist on the loose. And what good does that do anybody? [The victim is] not lying. Mr. Watson is not lying. No one that you heard from is making any of this up. That's the way they remembered it. That's the way they saw it. And the Judge will tell you how to deal with potential conflicts in the testimony. And she will tell you to settle that without drawing a conclusion that anyone purposely told an untruth.

Read in context, it becomes clear that the prosecutor was not offering his personal belief about the veracity of Watson and the victim, but instead was arguing that based on the facts and reasonable inferences drawn therefrom, the jury should conclude that those witnesses were telling the truth. "As such argument is permissible, trial counsel's failure to object to it cannot serve as the basis for an ineffective assistance claim in this instance." (Footnote omitted.) *Hill*, supra, 290 Ga. App. at 147 (5) (h).

2. Brown next argues that the trial court erred in denying his new trial motion, because the above-referenced statements made by the prosecutor during closing argument violated his right to a fair trial. In making his ineffective assistance of counsel claim, however, Brown concedes that trial counsel did not object to the prosecutor's closing argument. This failure to object at trial to the alleged impropriety of the State's closing argument precludes us from considering on appeal a claim of error based upon that argument. *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999).

3. Brown's final enumeration of error, that the evidence was insufficient to support his conviction for rape, is meritless. To prove Brown guilty of rape, the State was required to show that Brown had "carnal knowledge [with the victim,] forcibly and against her will." OCGA § 16-6-1 (a) (1). Here, Brown argues that there was no physical evidence, such as lacerations, scratching, bruising, or other injuries, to show that the sex he had with the victim was nonconsensual. This argument, however, ignores the victim's testimony as to the nonconsensual and forcible nature of her contact with Brown. That testimony, standing alone, was sufficient to sustain Brown's conviction. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Cook*, supra, 276 Ga. App. at 804-805 (1) (testimony of the victim, standing alone, sufficient to sustain defendant's conviction for molestation).

In light of the foregoing, we affirm the trial court's order denying Brown's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 23, 2008.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.