### A10A2002. SIMPSON v. THE STATE.
(703 SE2d 34)

JOHNSON, Judge.

A jury found Joel Simpson guilty of armed robbery, aggravated assault, and resisting, obstructing, or opposing a law enforcement officer. Simpson appeals, alleging the trial judge improperly testified and expressed his opinion contrary to OCGA § 17-8-57 four separate times during an address to the jury. We disagree and affirm Simpson's convictions.

OCGA § 17-8-57 provides as follows:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

However, in order to constitute an improper comment under OCGA § 17-8-57, "the trial court's statement must express an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty."[1]

Simpson argues the trial judge violated OCGA § 17-8-57 during his statement to the jury immediately following the state's opening. During its opening statement, the state told the jury: "The defendant in this case is Mr. Joel Simpson. He is accused of two separate armed robberies, one on October 4th of 2008, at the China Inn Restaurant on Wynnton Road at the 2100 block of Wynnton." The state subsequently stated, "And then the principal case, what I would call the principal case is — happened on October 18th of 2008, and this was an armed robbery which took place at Dinglewood

---

[1] (Citation and punctuation omitted.) *Anthony v. State*, 282 Ga. App. 457, 458 (1) (638 SE2d 877) (2006).

Package Store." Immediately following the state's opening, the trial judge addressed the jury:

> [T]he indictment may look a little dysfunctional because the dates jump back and forth, but I'm going to go over this indictment with you briefly. The first count in this indictment accuses Mr. Simpson, the defendant, of armed robbery in that the accused in the State of Georgia, in the County of Muscogee, in [sic] the D. A. has to prove all these elements, on the 18th day of October 2008, did unlawfully with intent to commit a theft take property, United States currency from the immediate presence of [the liquor store owner]. *And it's not listed in there, but by what the D. A. said, that's the Dinglewood Package Store robbery,* by the use of an offensive weapon, to wit, a handgun, contrary to the laws of said State of Georgia, the good order, peace and dignity thereof.
>
> Count two then goes to a different date. It says the 4th day of October armed robbery. And that *evidently* according to the indictment did unlawfully with intent to commit theft take property from the immediate presence of [a different victim] by use of an offensive weapon, the handgun, *and that'll be the China Inn case.* That's count two of the indictment.
>
> And then count three goes back to the 18th of October, Joel Simpson, with the offense of aggravated assault in that the accused in the State of Georgia, County of Muscogee on the 18th day of October, 2008, did unlawfully make an assault upon the person of [the liquor store owner] with a handgun, a deadly weapon contrary to the laws of said state and the dignity thereof.
>
> Count four of this indictment, ladies and gentlemen, accuses Joel Simpson of the offense of resisting, obstructing or opposing law enforcement officers for the accused in the State of Georgia, County of Muscogee, on the 12th day of December, 2008. . . .
>
> Those are the charges that you will be deciding, and these will be decided individually. It's not an all or nothing indictment. You could find him not guilty on all those counts. You could find him guilty on part of them and not all of them. That's up to you to determine which ones, and you'll take them individually. *That's why I thought it might be good because the dates jump around to make sure we stay in sequence on the facts of each one of these robberies.*

(Emphasis supplied.) Simpson objected to the emphasized portions of the trial judge's statement, asked that the jury be excused, and moved for a mistrial based on the trial judge's statement to the jury.

According to Simpson, by mentioning the "Dinglewood Package Store robbery," and referring to Count 2 of the indictment as the "China Inn case," the trial judge communicated to the jury the proposition that he believed the evidence had proven that robberies occurred at both the Dinglewood Package Store and the China Inn restaurant. Simpson argues this is especially true given the trial judge's concluding sentence admonishing the jury of the necessity to stay in sequence "on the facts of each one of these robberies." Simpson further argues that the trial judge's use of the word "evidently" when describing Count 2 of the indictment communicated to the jury his opinion that Simpson was guilty of the armed robbery. We disagree with Simpson's arguments.

Contrary to Simpson's arguments, none of the challenged statements was an improper comment on the evidence under OCGA § 17-8-57. None of the statements expressed an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty. The statements did not intimate a belief by the trial judge that robberies were, in fact, committed or that Simpson committed the robberies. Here, the trial judge's statements were "clearly intended to explain the unusual situation to the jury [regarding the confusing indictment] and ensure that [Simpson] received a fair trial."[2]

A review of the context in which the court's statement was made shows that the court was not expressing an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether Simpson was guilty. Before the state began its opening, the trial judge instructed the jury:

> Ladies and gentlemen, the indictment that brings the case to Court is only a way to get the case here. It's not evidence. When an individual comes into Court, they come into Court with a presumption of innocence. That presumption stays with them throughout the trial. In this case, Mr. Simpson has stated that he is not guilty of these crimes, which he has a right to do. Now, the State of Georgia must prove each and every element of each one of these crimes outlined in the indictment. So even though the indictment is here. That is not evidence. That's no proof that Mr. Simpson has done anything. Twelve people . . . will listen to

---

[2] *Caldwell v. State*, 273 Ga. App. 135, 139 (2) (614 SE2d 246) (2005).

the case and listen to the facts and then decide whether or not he is guilty of these crimes.

. . .

Ladies and gentlemen, this indictment once again is not evidence. This is what starts the whole process. . . . Anything the lawyers say is not evidence. Anything I say is not evidence. The evidence would come from the witness stand only. So anything else, any comments you heard, you shouldn't infer anything from what anybody else says.

The trial judge's subsequent statement to the jury did not constitute comments on the evidence contrary to OCGA § 17-8-57.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED OCTOBER 22, 2010.

*Robert L. Wadkins*, for appellant.

*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellee.