## A10A2355. DOUGLAS v. THE STATE.
### (705 SE2d 712)

BARNES, Presiding Judge.

A jury convicted Thomas Edwin Douglas of aggravated assault for discharging a firearm from within a motor vehicle toward the victim. On appeal, Douglas contends the evidence was insufficient to sustain the conviction. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. *Brown v. State*, 293 Ga. App. 633 (667 SE2d 899) (2008). We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. Id. We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that in February 2006 the victim called 911 to report an episode of road rage. According to the victim, a man in a white Ford Explorer with a chrome bumper that had a triangular sticker on it pulled out in front of him, causing him to slam on his brakes. The victim pulled up alongside the man and exchanged words with him, then saw the man pull out a handgun. The victim ran a red light, and the man fired his gun into the back of the victim's SUV, leaving bullet holes in its tailgate and rear passenger side. An officer responding to the victim's 911 call retrieved a bullet from inside the victim's car and a bullet fragment near the right taillight, and obtained a description of the shooter, his vehicle, and the vehicle's bumper stickers. A former GBI firearms examiner concluded the bullet in the victim's SUV had been fired by a .40 caliber handgun manufactured by either Glock, Heckler & Koch, or one of two other companies.

The police issued a lookout for the vehicle and driver. Two months later, an officer saw a matching vehicle and stopped Douglas for failing to maintain his lane. The officer recorded the stop on his car video camera, during which he uncovered two pistols from Douglas's Explorer, neither of which was .40 caliber. After releasing Douglas, the officer forwarded the information and video to the investigator handling the shooting incident. The victim identified Douglas from the video as the man who fired a gun at his SUV, and

the police searched Douglas's house pursuant to a warrant. While they found a total of nine handguns in Douglas's car, house, and workshop, but none was .40 caliber.

A deputy sheriff testified that in April 2004, he responded to a motor vehicle accident involving Douglas, who had to be hospitalized. When the deputy inventoried the contents of Douglas's car before it was towed from the scene, he recovered a Heckler & Koch ("H&K") .40 caliber handgun and 22 rounds of ammunition. According to the sheriff's department property records, Douglas retrieved the gun the next day.

Douglas, who represented himself at trial with the assistance of counsel, testified that on the day of the incident he pulled out in front of another driver who quickly accelerated and slammed on his brakes at the last minute, mere inches from Douglas's back bumper. Douglas sped up from 35 mph to 55 mph, then applied his brakes without actually slowing down, causing the other driver to brake hard and spin out. Douglas continued driving but the other driver, whom Douglas asserted was not the victim in this case, caught up with him and began bumping into Douglas's SUV at 55 mph while "screaming bloody murder." Douglas felt threatened and thought he saw a gun in the other driver's hand, so he retrieved his H&K .40 caliber gun and put it in his lap. The other driver pulled alongside, threatened to kill him, spit on him, then fired a gun at him, Douglas said, so he returned fire three times, striking the other vehicle twice. The other man drove off, and Douglas unsuccessfully attempted to call 911 then called his lawyer. The lawyer confirmed that Douglas called him the day of the incident.

Douglas contends on appeal that the State failed to present sufficient evidence to support his aggravated assault conviction, because "by the time the State rested its case," it had not established that he had owned or possessed a .40 caliber weapon on the date of the incident. He argues that the State proved only that he had owned a .40 caliber gun in 2004, merely establishing "guilt by association." While the State did not uncover a .40 caliber handgun in Douglas's possession or on his property after the shooting incident in February 2006, the victim identified Douglas as the shooter, and the fact that he had owned a .40 caliber gun in April 2004 is circumstantial evidence that he possessed such a gun in February 2006. Additionally, Douglas himself admitted that he shot at someone with a .40 caliber handgun, although he contended the other driver was not the victim who testified in this case. Accordingly, the State presented sufficient evidence for a rational trier of fact to find Douglas guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED JANUARY 25, 2011 —

*Mary Erickson*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.