A11A0710. HERNDON v. THE STATE.
(710 SE2d 607)

ELLINGTON, Chief Judge.

A DeKalb County jury found Cornelius Herndon guilty beyond a reasonable doubt of felony theft by shoplifting, OCGA § 16-8-14 (a) (1), (b) (2). He appeals from the denial of his motion for new trial, contending that he received ineffective assistance of trial counsel. Finding no error, we affirm.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). Further, "[w]hether an attorney's trial tactics are reasonable is a question of law, not fact." *Moreland v. State*, 263 Ga. App. 585, 588 (4) (588 SE2d 785) (2003).

---

> The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case[,] . . . [and] appellate courts are generally reluctant to reverse a case on the ground of ineffective assistance where the complaint urged can reasonably be construed as involving defense counsel's trial strategy.

(Citations and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 634 (1) (667 SE2d 899) (2008). Finally, "failure to make a meritless argument does not constitute ineffective assistance of counsel." (Footnote omitted.) *McCoy v. State*, 285 Ga. App. 246, 249 (4) (b) (645 SE2d 728) (2007).

1. Herndon contends that his trial counsel rendered ineffective assistance because, during closing arguments, she failed to object when the prosecutor allegedly vouched for the truthfulness of the testimony of the State's sole witness, the loss prevention officer ("LPO") of the store where the theft occurred. Specifically, he complains about the prosecutor's statements to the jury that the LPO is "telling you the truth. He is telling you the truth. He gets up there and he is telling you the truth."

According to the LPO's trial testimony, on May 16, 2008, the LPO observed Herndon taking clothing from the store's racks and concealing it in a shopping bag from a different store. As Herndon was attempting to leave the store without paying for the goods, the LPO stopped him and told him that he needed to come to the back office. Herndon apologized to the LPO and handed him the bag. The LPO took Herndon to the store's security office, filled out an evidence sheet and incident report, and contacted police officers, who arrested Herndon. The LPO also testified that the value of the stolen goods was $487.95. In addition, he narrated the store's security videotape as it was played for the jury; according to the transcript,[1] the videotape showed Herndon taking security sensors off of clothing, dropping the clothes onto the floor, "balling up" the clothes and concealing them in a plastic bag, and then walking toward the store's exit. During trial counsel's thorough cross-examination of the LPO, she challenged the accuracy and credibility of his testimony regarding what he observed Herndon doing in the store, how many items were taken and the price of those items, the accuracy of his incident report, and other material facts.

Later, during closing arguments, the prosecutor argued that the LPO did not know Herndon before the day of the arrest, that the

---

[1] The videotape is not in the appellate record.

LPO would have been reprimanded or fired if he had randomly stopped customers among the hundreds of people in the store that day and accused them of shoplifting, and that the LPO did not receive any extra compensation based upon the number of shoplifters he detained or the value of the merchandise in those incidents. The prosecutor argued that, as a result, the LPO had no incentive to lie about what he observed Herndon doing, nor did he have any reason to jeopardize his career by lying at trial. Thus, when read in context, the prosecutor's statements to the jury that the LPO "is telling you the truth" were suggestions to the jury of inferences they could draw from the evidence presented and were made in response to trial counsel's attack on the LPO's credibility during cross-examination.[2]

The transcript also shows that, during trial counsel's closing arguments, she argued that the LPO had limited job experience, recited in detail alleged inconsistencies in his trial testimony, and asserted that the LPO had lied to the arresting officer, lied to the judge who issued the arrest warrant, falsified his incident report, and lied during his trial testimony. In fact, counsel summarized her challenge to the LPO's credibility by repeatedly stating, "He's not telling you the truth."

"Closing arguments are judged in the context in which they are made." (Citation omitted.) *Adams v. State*, 283 Ga. 298, 302 (3) (e) (658 SE2d 627) (2008). "As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence." (Citations and punctuation omitted.) *Brown v. State*, 293 Ga. App. at 637-638 (1) (d) (ii). Thus, although "[i]t is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness[,] . . . it is not improper for counsel to urge the jury to draw such a conclusion from the evidence." (Citation and punctuation omitted.) *Adams v. State*, 283 Ga. at 302 (3) (e). Further, both the State and defense counsel "may address during closing argument the possible motives for a witness's testimony." (Citation omitted.) *Allen v. State*, 277 Ga. 502, 504 (3) (d) (591 SE2d 784) (2004) (The prosecutor's argument during closing that a witness had no reason to lie was in response to a claim by another witness that the first witness had lied; in this context, the comment did not constitute the prosecutor's personal opinion re-

---

[2] In fact, during the hearing on Herndon's motion for new trial, trial counsel explained that she did not object to the challenged statements because she believed that they were a proper response to her attacks on the LPO's credibility and that they rebutted her assertions about the LPO's motives for testifying and his possible bias.

garding the veracity of the witness.).[3]

Reviewing the prosecutor's closing argument in this case as a whole, and specifically looking at the challenged statements in context, we conclude that the prosecutor was not offering his personal belief about the veracity of the LPO, but instead was arguing that, based on the evidence presented and the reasonable inferences drawn therefrom, the jury should conclude that he was telling the truth. *Manley v. State*, 284 Ga. 840, 844-845 (2) (b) (672 SE2d 654) (2009); *Adams v. State*, 283 Ga. at 302 (3) (e). Because such an argument is permissible, trial counsel's failure to object to it cannot serve as the basis for an ineffective assistance claim. *Adams v. State*, 283 Ga. at 302 (3) (e); *Brown v. State*, 293 Ga. App. at 638 (1) (d) (ii).

2. Herndon also contends that trial counsel was ineffective for failing to object to the prosecutor's comments during closing arguments regarding Herndon's decision not to take the stand and testify at trial. Pretermitting whether the prosecutor made improper comments of this nature during his closing arguments,[4] the transcript of the motion for new trial hearing shows that appellate counsel never asked trial counsel why she did not object to the statements. Therefore, because trial counsel was never asked to explain her failure to object during the motion hearing, Herndon has failed to meet his burden of making an affirmative showing that the purported deficiencies in trial counsel's representation "were indicative of ineffectiveness and were not examples of a conscious and deliber-

---

[3] See also *Manley v. State*, 284 Ga. 840, 844-845 (2) (b) (672 SE2d 654) (2009) (After defense counsel argued that the State and its witnesses had improperly targeted the defendant and had purposely and wrongfully manipulated the evidence, the State was entitled to respond to these direct accusations of wrongdoing. In so doing, the State argued that the investigators, officers, and the prosecuting attorney, all of whom had longstanding careers with the State, had no motivation to jeopardize those careers by framing the defendant through the manipulation of evidence and poisoning of witnesses. The Supreme Court ruled that the State's comments did not constitute an opinion about the veracity of these witnesses, but merely urged the jury to make a deduction about their veracity from the evidence presented.).

[4] For example, when talking to the jury about the meaning of "reasonable doubt," the prosecutor told them that "reasonable doubt is not beyond all doubt" and is "not a mathematical certainty." The prosecutor then told the jurors that, "You don't have to be a hundred percent sure that [Herndon] didn't [commit this crime], because the only two people that are a hundred percent sure that this happened is the defendant Cornelius Herndon and the loss prevention officer, Officer Williams." Thus, when read in context, this statement is not an improper comment on Herndon's failure to testify, as Herndon argues on appeal. See *Odom v. State*, 304 Ga. App. 615, 616-617 (1) (697 SE2d 289) (2010) (The prosecutor told the jury that "the only two people who have information about [what happened on the night of the crime] are Officer Pippen and Mr. Odom[,]" and that the officer is "the only one that was out there other than Mr. Odom when the gun [was] pointed at him. And he's told you what happened. He has the best means and the best opportunity to know that about which he's testifying. He's it. He's it other than Mr. Odom." This Court held that the comments were not an improper reference to the defendant's failure to testify and, thus, counsel's failure to object to the comments did not constitute ineffective assistance.).

ate trial strategy." (Citations and punctuation omitted.) *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). Accordingly, the trial court's finding that Herndon received effective assistance of counsel was not clearly erroneous. Id.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED APRIL 21, 2011.

*Hollowell, Foster & Herring, Jolanda E. Herring*, for appellant.
*R. Javoyne Hicks White, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.