A11A2019. JACKSON v. THE STATE.
(726 SE2d 63)

McFADDEN, Judge.

After a jury trial, Jermario Jackson was convicted of three counts of armed robbery, one count of aggravated battery and one count of possession of a firearm during the commission of a felony. Because there was sufficient evidence to support the convictions and his trial counsel was not ineffective, we affirm.

Construed to support the jury's verdict, *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that on September 29, 2005, Jackson and Marcus Monger entered a T-Mobile store. Using handguns, the men forced three victims, Irfan Maya, Emran Maya and Rizwan Haider, to move to the back of the store and get on the floor. Jackson began beating, kicking and stomping on the head of one of the victims, Irfan Maya. Maya lost consciousness, and the other two victims were forced into a bath-

room. Jackson and Monger subsequently left the store with the cash register, phones and other personal property of the victims.

1. Jackson challenges his conviction for the aggravated battery of Irfan Maya on the ground that there is insufficient evidence that Maya's skull and brain were rendered useless. As to his skull, Jackson's challenge is misplaced. The trial court, with the consent of Jackson, expressly removed that issue from the jury's consideration.

With regard to the victim's brain injury, the neurosurgeon who treated Maya after the attack testified that Maya had suffered severe head injuries that were life-threatening, that fluid was leaking out of his ear, that air bubbles were inside his skull and that he was in a semi-comatose state for approximately two weeks. The surgeon gave his expert opinion that the injuries inflicted on Maya had rendered his brain useless, at least temporarily, because he was unconscious and the brain had been stunned by the trauma. Maya himself testified that he cannot remember anything from the day of the attack, stating, "[t]hat one day is wiped out forever." He has no memory of the weeks that he spent in the hospital; the first thing he remembers after the attack is waking up in a rehabilitation center where he was sent after the hospital and underwent therapy for nerve damage. He continues to have impaired memory, explaining that he cannot remember things like he used to and that he has "[t]otally changed."

"When the evidence shows that a battered victim has suffered a severe injury to their brain, resulting in the loss of normal brain functioning, they are said to have been deprived of their brain, thus suffering an aggravated battery." (Citations and punctuation omitted.) *Miller v. State*, 275 Ga. 730, 732 (1) (571 SE2d 788) (2002). In this case, the evidence clearly shows that Maya was a battered victim who suffered severe injury to his brain, rendering him unconscious and semi-comatose for weeks and causing significant memory loss. Accordingly, the evidence "is sufficient to authorize the jury's verdict that [Jackson] committed aggravated battery by depriving [the victim] of a member of [his] body as alleged in . . . the indictment." (Citation omitted.) *Scott v. State*, 243 Ga. App. 383, 384-385 (1) (b) (532 SE2d 141) (2000) (aggravated battery conviction supported by evidence that blows to victim's head caused memory lapses and nerve damage). See also *Griffin v. State*, 170 Ga. App. 287, 293 (10) (316 SE2d 797) (1984) (brain injury resulting from blows to the head sufficient).

2. Contrary to Jackson's argument, the evidence showed that the phone and cash register taken from the immediate presence of Irfan Maya was the property of another in that the property belonged to the Maya family's T-Mobile phone business. "(R)obbery is a crime against possession, and is not affected by concepts of ownership.

Thus, it does not matter exactly whose property was taken so long as it was taken from a person or the immediate presence of another." (Citations and punctuation omitted.) *Ward v. State*, 304 Ga. App. 517, 522 (1) (a) (696 SE2d 471) (2010). Thus, Jackson's challenge to the sufficiency of the evidence supporting his conviction for the armed robbery of Irfan Maya is without merit. See OCGA § 16-8-41 (a) (person commits armed robbery when, with intent to commit theft, he takes property of another from the immediate presence of another by use of an offensive weapon).

3. Jackson complains that the trial court erred in allowing testimony that there had been a prior robbery at the same store and opinion testimony as to the truthfulness of his in-custody statement. But as Jackson concedes in his brief and as our review of the transcript reveals, there was no objection to such testimony at trial. Because Jackson failed to interpose a timely objection when this evidence was introduced at trial, his claims of error have been waived. See *Hester v. State*, 287 Ga. App. 434, 438 (3) (a) (651 SE2d 538) (2007) (failure to make objection to evidence when it is offered results in a waiver of any objection that might have been urged); *Capps v. State*, 273 Ga. App. 696, 697 (1) (615 SE2d 821) (2005) (under contemporaneous objection rule, party must object to evidence when it is actually offered, and the failure to object waives any objections).

4. Jackson claims that his trial counsel was ineffective in failing to object to the testimony about the prior robbery at the same store and to the opinion testimony as to the truthfulness of his in-custody statement.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

(Citations and punctuation omitted.) *Herndon v. State*, 309 Ga. App. 403 (710 SE2d 607) (2011).

(a) The testimony concerning a prior robbery occurred when a police officer testified that he worked as a loss prevention officer at a grocery store and that he was familiar with the neighboring T-Mobile store because it had been robbed before. When questioned about this at the motion for new trial hearing, trial counsel explained that he probably did not object to the testimony because he did not want to bring attention to it in front of the jury. There was no suggestion at trial that Jackson was involved in any prior robbery,

but even if this brief reference to another robbery at the store can somehow be considered unfavorable to Jackson, "[w]e do not find counsel's strategy of avoiding an objection that would draw the jury's attention to unfavorable matters to be outside the wide range of reasonable professional assistance." (Citation and punctuation omitted.) *Westmoreland v. State*, 287 Ga. 688, 696 (9) (b) (699 SE2d 13) (2010). See also *Kay v. State*, 306 Ga. App. 666, 671-672 (5) (c) (703 SE2d 108) (2010) (tactical decision not to object to statement in order to avoid drawing jury's attention to it did not amount to ineffective assistance of counsel).

(b) An officer who interviewed Jackson was asked if any statements he had made during the interview were intended to obtain an untrue confession, and the officer responded, "Nobody lies to confessing to a crime. They usually lie to get out of a crime." Even if we assume for the sake of argument that counsel's failure to object to this testimony was deficient, Jackson has not shown prejudice. The evidence of his guilt was strong, and the trial court fully charged the jurors as to their duty to determine the believability of, and the weight to be given to, Jackson's in-custody statement. Under these circumstances, "we do not find that trial counsel's failure to object [to the testimony] was likely to affect the outcome of the trial." (Citation omitted.) *Crawford v. State*, 294 Ga. App. 711, 712 (1) (a) (670 SE2d 185) (2008).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012 —
RECONSIDERATION DENIED MARCH 15, 2012.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.