**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 2, 2013**

# In the Court of Appeals of Georgia

A13A0134, A13A0135. VEASEY v. THE STATE.

BARNES, Presiding Judge.

In these companion appeals, Christopher Veasey was tried and convicted under two separate indictments. In Case No. A13A0134, he appeals his convictions for two counts of armed robbery, five counts of aggravated assault, and possession of a firearm during the commission of a felony. He was sentenced to concurrent sentences of 15 years on the armed robbery and aggravated assault counts, and five years probation on the possession of a firearm conviction. In Case No. A13A0135, Veasey appeals his conviction for robbery. He was sentenced to 15 years on that conviction as well, concurrent to the sentence in A13A0134. Veasey contends on appeal that the evidence proved at trial was insufficient to convict him of the crimes charged in the indictments. Upon our review, we find the evidence sufficient to sustain his convictions.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations and punctuation omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

The evidence, construed in favor of the verdict, demonstrates that on May 5, 2005, the owner of a Chinese restaurant closed the restaurant and drove home with his wife, three children, and a restaurant employee. The owner testified that when the family approached the front door of their home, two men confronted them, brandished a gun, and took the owner's wallet and gun and the employee's wallet. The owner's wife, eleven-year-old son, and ten-year-old daughter also testified about the armed robbery. The wife testified that the men approached them, pointed the gun at them and took her husband and the employee's wallet, and that she was "very fearful" that she would be hurt. The son testified that he did not see the gun but believed that one

2

of the men had a gun and that he was "scared." The daughter testified that she saw the men point a gun at the group and that the men had searched her pockets and book bag.

On August 10, 2005, a cashier at another Chinese restaurant drove home after closing and when she approached her home, a man came "from nowhere" and asked for her purse. When she refused, the man knocked her down and took her purse, into which the victim had placed the night's receipts, checks, and cash from the restaurant. When the victim's husband heard her screams, he went outside and found her lying face-down, with blood on her face and clothing. He saw a dark-colored, two-door car parked in a neighbor's driveway, and as the car sped away, he noticed that the exhaust system and engine were "in bad need of repair."

Shortly thereafter, a policeman responding to a be-on-the-lookout bulletin for the car used in the robbery, reportedly an older "burgundy or maroon Cutlass . . . [with] a loud muffler," spotted a vehicle matching the description. He and a second officer attempted to stop the vehicle, but when they approached the car, it sped off. As the two patrol cars pursued the vehicle, several items were tossed out of it, including a gun, a purse, and money. The chase ended when the vehicle reached a dead-end street, at which point the three men in the car jumped out and "took off

running in different directions." The occupants were not apprehended that night, but the two officers later identified Veasey as one of the men in the car from a photographic lineup. The two other suspects in the car, co-defendants Alfred Bryant and Larry Edwards, testified about the events of the August 10th robbery and also testified that Veasey was present during the crime. The purse and other items that were tossed out of the car during the chase were recovered, and the cashier identified them as some of the items taken from her during the robbery.

A detective who had worked on both robberies suspected that they might be related. He presented the restaurant owner with a photographic lineup that included Veasey, and the owner identified Veasey as the man who had robbed him with a gun.

Veasey challenges the sufficiency of the evidence against him, but the evidence as outlined above was sufficient for a rational trier of fact to find Veasey guilty of the crimes charged in both indictments. *Short v. State* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Case No. A13A0134

1. (a) There is no merit to Veasey's contention that the evidence was insufficient to support his conviction for the armed robbery of the restaurant owner. He contends that he could not be convicted of armed robbery because the owner

4

testified that one of the assailants took the owner's gun and used it to rob him; thus, he asserts, he could not be convicted of armed robbery when the "fruit of the armed robbery" perpetuated the crime. However, the owner and his wife both testified that the assailants already had a gun when they approached and the owner further testified that the assailants took the owner's gun from his person when they searched him.

The testimony of the victim, standing alone, was sufficient to sustain the conviction. See former OCGA § 24-4-8 ("testimony of a single witness is generally sufficient to establish a fact."). It was the role of the jury, not this Court, "to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Farris v. State,* 290 Ga. 323, 324 (1) (720 SE2d 604) (2012). This evidence was sufficient to sustain the armed robbery of the owner.

(b) Veasey also contends that the evidence was insufficient to show that he committed an armed robbery as alleged in Count Two against the restaurant employee who was with the group. He maintains that there was evidence that there might have been two employees at the scene, and that because the employee identified in the indictment did not testify at trial, the evidence was insufficient to establish the armed robbery.

5

Pretermitting whether there were one or two employees who were robbed, the evidence was sufficient to sustain the armed robbery of the named employee. The restaurant owner and his wife both testified that the named employee's wallet was taken.

> [T]he identity of the person alleged to have been robbed is not an essential element of the crime and need not be proved by direct evidence. Also, robbery is a crime against possession, and is not affected by concepts of ownership. Thus, it does not matter exactly whose property was taken so long as it was taken from a person or the immediate presence of another. . . . [T]he general rule that allegations and proof must correspond is based upon the requirements (1) that the accused is definitely informed of the charges against him so he can present his defense and not be surprised by the evidence at trial, and (2) that he is protected against another prosecution for the same offense. That rule has not been violated here.

(Citations and punctuation omitted.) *Ward v. State*, 304 Ga. App. 517, 522 (1) (a) (696 SE2d 471) (2010).

Here, the indictment was detailed enough for Veasey to understand what he was alleged to have taken, and from whom. Accordingly, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Veasey committed the armed robbery of the employee named in the indictment. See *McKisic*

6

*v. State*, 238 Ga. 644, 645-646 (2) (234 SE2d 908) (1977) (police officer testified to the name of the victim, which was the name alleged in the indictment).

(c) Veasey also contends that the evidence was insufficient to sustain his convictions for the aggravated assaults upon the restaurant owner's wife and three minor children. We do not agree.

Here, there was testimony that when Veasey approached the group with the gun, the children saw the gun and started screaming. The wife testified that she saw one of the men with a gun and was "very fearful," the daughter testified that a gun was pointed at the group and that she was "sad," and the son testified that he was "scared" and that the men put what he believed to be a gun "by [his] side." The youngest daughter did not testify at trial. The assault counts charged that an aggravated assault had been made upon the victims "with a gun . . . by pointing said gun at [the victim.]"

> Under OCGA § 16-5-21 (a) (2) a person commits the offense of aggravated assault when he or she assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. Assault occurs when a person puts another in reasonable apprehension of immediately sustaining a violent injury. OCGA § 16-5-20 (a) (2).

7

*Dixon v. State*, 285 Ga. App. 694, 695-696 (647 SE2d 370) (2007). "A pistol is a deadly weapon. Indeed, the presence of a gun would normally place a victim in reasonable apprehension of being injured violently. Whether [the] victim[s] [have] been placed in reasonable apprehension of injury is a question of fact" for the jury to determine. *Lewis v. State*, 297 Ga. App. 517, 518 (1) (677 SE2d 723) (2009). The evidence as to these four counts of aggravated assault was sufficient to sustain the convictions.

## Case No. A13A0135

2. Veasey contends that the evidence was insufficient to sustain his conviction for the August armed robbery of the cashier. He asserts that the indictment alleged that one of the checks taken in the armed robbery was the property of the restaurant owner, but that the actual payee was someone with another name, and thus the State had failed to establish the identity of the victim. This enumeration is meritless.

As noted before, robbery is a crime against possession and it does not matter exactly whose property was taken so long as it was taken from another. Thus, Veasey's challenge to the sufficiency of the evidence supporting his conviction for the armed robbery of the cashier is without merit. (Citations and punctuation

8

omitted.) *Jackson v. State*, 314 Ga. App. 806, 807-808 (2) (726 SE2d 63) (2012).

*Judgments affirmed. Miller and Ray, JJ., concur.*