**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 16, 2016**

# In the Court of Appeals of Georgia

A16A0314. IN THE INTEREST OF S. W., a child.

PHIPPS, Presiding Judge.

A juvenile court adjudicated S. W. delinquent for acts which, if committed by an adult, would have constituted aggravated assault with a deadly weapon, a pistol.[1] S. W. appeals, contending that the evidence was insufficient to support his adjudication of delinquency. For the reasons set forth below, we affirm.

"In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable

---

[1] OCGA § 16-5-21 (b) (2).

finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged."[2]

So viewed, the evidence showed that the two victims walked to a convenience store after leaving Crim Open Campus High School around 6:00 p.m. one evening in November 2012. Two other boys, one of whom the victims recognized as someone they knew as "Little Robert," confronted the victims regarding a prior altercation. The victims started to walk away, but the boys (now part of a group which included four more boys) began following them. One of these four was S. W., then 16 years old, whom the victims recognized from having gone to high school with him.

Seeing that they were now outnumbered and that Little Robert had pulled out a gun, the victims started running. As they passed a Checkers restaurant, the victims heard the sound of a gun being cocked and turned around to see S. W. leading the group and holding a gun. The victims ran into traffic and onto the expressway in order to escape the group of boys chasing them.

---

[2] *In the Interest of D. M.*, 308 Ga. App. 589-590 (708 SE2d 550) (2011) (citation omitted).

1. S. W. asserts that the State failed to prove venue because the two victims, X. C. and Z. W., provided confusing lay testimony on whether the Checkers restaurant was in DeKalb County.

A delinquency proceeding may be commenced either where the juvenile resides or where the alleged delinquent acts occurred.[3] "The standard of review on appeal to determine whether venue was sufficiently proved is the same as any other sufficiency review — whether, in the light most favorable to the prosecution, any rational trier of fact could have found venue beyond a reasonable doubt."[4]

In response to a question regarding where the convenience store was located, X. C. testified, "I guess DeKalb." He later stated that the Checkers restaurant was on "Memorial" and responded affirmatively to whether "that" was in DeKalb County as well. However, during cross-examination, X. C. clarified that the incident occurred in DeKalb County.

The prosecution did not elicit any testimony regarding venue from Z. W. on direct examination. However, on redirect, the following exchange took place:

---

[3] OCGA § 15-11-490 (a).

[4] *In the Interest of D. D.*, 287 Ga. App. 512, 513 (2) (651 SE2d 817) (2007) (citation omitted).

Q: When all this happened at that Checkers, what county was this all in? Was this in DeKalb County?

A: It was in DeKalb County, but I don't really know, because I know on one side, it cross over to Atlanta. I think it was DeKalb, though. It had to be DeKalb 'cause it was right there at the Checkers at Crim.

This testimony constituted sufficient evidence for the trial court to find beyond a reasonable doubt that venue was properly laid.[5] Although both witnesses initially expressed some uncertainty and Z. W. noted that the county line was nearby, they ultimately concluded that the incident occurred in DeKalb.[6] Moreover, "[i]t is not for us to determine or question how the trier of fact resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict."[7] We find no reversible error.

---

[5] See *Martin v. McLaughlin*, 298 Ga. 44, 46, n. 3 (779 SE2d 294) (2015) (discussing standard of review and disapproving decisions employing an "any evidence" or "slight evidence" standard).

[6] *Harris v. State*, 257 Ga. App. 42, 44 (1) (570 SEd 353) (2002) (finding that State proved venue beyond a reasonable doubt where the witness testified that he did not think any of the events occurred outside of the county).

[7] *In the Interest of J. L. H.*, 289 Ga. App. 30, 31 (656 SE2d 160) (2007) (punctuation and citation omitted).

2. S. W. argues that the evidence was insufficient to support an adjudication of delinquency for acts which, if committed by an adult, would have constituted aggravated assault. He contends that there was no testimony that he threatened or even spoke to the victims and no evidence that he pointed the gun at the victims or cocked the gun.

The elements of aggravated assault relevant to this case are (1) assault (2) with a deadly weapon.[8] S. W. raises no issue with respect to the second element. As to the first element, "simple assault" is defined as either attempting to commit a violent injury to the person of another or committing an act which places another in reasonable apprehension of immediately receiving a violent injury.[9]

Here, the victims both testified that they heard the sound of a gun being cocked and turned around to see S. W. holding a gun while chasing them with a group of other young men. The victims were so afraid that they ran into traffic and onto the expressway to get away. Although the victims testified that S.W. was pointing the gun down and not at them, S. W.'s conduct was sufficient to place them in reasonable

_____

[8] OCGA § 16-5-21 (b) (2).

[9] OCGA § 16-5-20 (a).

apprehension of immediately receiving a violent injury.[10] This evidence was sufficient

to support the adjudication of delinquency.[11]

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

[10] See *Veasey v. State*, 322 Ga. App. 591, 595 (1) (c) (745 SE2d 802) (2013) ("A pistol is a deadly weapon. Indeed, the presence of a gun would normally place a victim in reasonable apprehension of being injured violently.").

[11] OCGA § 16-5-21 (b) (2).