## A03A1507. MORELAND v. THE STATE.

(588 SE2d 785)

SMITH, Chief Judge.

Calvin Moreland was indicted by a Cobb County grand jury for kidnapping with bodily injury, false imprisonment, burglary, and battery. The charges arose from an incident in which Moreland saw his estranged girlfriend or common-law wife at a neighbor's apartment and tried to force his way inside. The neighbor called the police, and the officers arrived and warned Moreland to leave the victim alone. Moreland returned later that night and entered the neighbor's apartment despite the neighbor's protests. The neighbor testified that Moreland dragged the victim by her hair down the steps and out through the garage. According to the victim, Moreland grabbed her as she was getting out of the shower and dragged her out of the apartment by her hair, then started beating her in the face. He dragged her into his own apartment, where he continued to beat her until she escaped by jumping from a second-story window. Moreland followed her, dragged her back to his apartment, and continued to beat her until the police returned to the scene.

When the officers arrived, they heard loud screams coming from Moreland's apartment and found the victim hysterical. Her left eye was puffy and swollen, her lip was lacerated, she had scratches on her leg and arm, and one leg was injured. Photographs were introduced showing her injuries. Moreland admitted that he struck the victim once but denied dragging her from his neighbor's apartment and contended that she came with him willingly when he asked her to come home. He denied that he caused her injuries and supposed that she must have hurt herself jumping out the window. He speculated that she jumped out the window because she was drunk.

A jury found Moreland guilty of burglary and battery but acquitted him of false imprisonment and was unable to reach a verdict with respect to the kidnapping charge. After the court declared a mistrial on the kidnapping charge, Moreland pleaded guilty to the lesser included offense of false imprisonment. The trial court denied Moreland's amended motion for a new trial but granted leave for Moreland to file an out-of-time appeal. In his appeal, Moreland asserts the trial court erred in refusing to strike a prospective juror for cause, in limiting the cross-examination of the victim, and in upholding the burglary verdict. Finding no error, we affirm.

1. Moreland contends the trial court erred in seating a prospective juror who indicated during voir dire that he had "one problem" with serving as a juror in this case: "I've never hit a woman. I don't believe a man should ever hit a woman and I have that hang up about that problem. I don't believe a woman should be hit by a man. That's just a personal feeling. That's the only problem I have." Asked

by Moreland's counsel if "just based on that accusation that you could be fair to Mr. Moreland?" the prospective juror responded, "I believe I could, but I have a little bit of doubt, so I would have to be honest and probably say I shouldn't serve, but I think I could be fair, but I'd probably rather not serve." The prosecutor then asked the juror if he could listen to the evidence, listen to the law as presented by the judge, and "set your feelings aside, make your decision solely on the facts and the law as presented?" The juror responded, "I believe I could, yes, sir." After this exchange, the trial court denied the challenge for cause.

> Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. The decision to strike a juror for cause lies within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion.

(Citations and footnotes omitted.) *Rocha v. State*, 248 Ga. App. 53 (1) (545 SE2d 173) (2001).

The trial court's use of this type of general questioning to force rehabilitation of a clearly biased and partial juror has been disapproved by our courts, and Moreland relies upon those decisions. *Cannon v. State*, 250 Ga. App. 777, 778 (1) (552 SE2d 922) (2001), overruled in part on other grounds, *Jackson v. State*, 254 Ga. App. 562, 567 (4) (562 SE2d 847) (2002), aff'd sub nom. *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002); *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001), aff'd, *Kim v. Walls*, 275 Ga. 177 (563 SE2d 847) (2002). But those decisions are inapposite here, as we have observed on several occasions:

> This is not a case where the trial court coercively "rehabilitated" a prospective juror who had expressed well-founded doubts about being able to serve impartially because of a close relationship with one of the parties or because of extrajudicial knowledge of the events at issue. Cf. *Cannon v. State*, [supra, 250 Ga. App. at 778-780 (1)] (conviction reversed where trial court rehabilitated juror who had a personal relationship with the victim and extrajudicial knowledge of the rape); *Walls v. Kim*, [supra, 250 Ga. App. at 259] (wrongful death judgment reversed where trial court rehabilitated juror, a nurse, who had worked with the defendant

doctor and stated she would favor the doctor in the litigation).

*Torres v. State*, 253 Ga. App. 318, 320 (2) (558 SE2d 850) (2002). Here, in contrast, the prospective juror merely expressed an opinion that he had "a little" hesitation because of his general belief that "no man should hit a woman." Unlike the jurors in *Cannon* and *Walls*, he did not know any of the parties to the case, had no personal knowledge of the facts, and did not indicate anything other than a general dislike of a particular type of act. "[A] juror who expresses a willingness to try to be objective and whose bias arises from feelings about the particular crime as opposed to feelings about the accused may be eligible for service." *Ivey v. State*, 258 Ga. App. 587, 593 (2) (574 SE2d 663) (2002). The trial court did not ask any questions and did not cut off Moreland's counsel in his questioning. The prospective juror positively testified that, despite his general doubts, he could set his feelings aside and make a decision based on the facts and law alone. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to strike him for cause.

2. Moreland contends the trial court erred in limiting his cross-examination of the victim by sustaining the State's objection to his questioning the victim as to whether she was "going to have sexual intercourse" with Moreland's neighbor. The victim responded, "I can't say that." At that point, the State interposed an objection, but before the trial court could rule the victim further responded, "He never approached me like that."

Moreland urges that this line of questioning was relevant to show his alleged justification for entering the apartment and thus his defense to the charge of burglary,[1] but we need not reach that issue. The victim answered the question twice: once before the State objected, and again before the trial court ruled. No error is shown because the objection occurred after the witness had already answered the question. *Bransome v. Barton*, 154 Ga. App. 799, 801 (3) (270 SE2d 55) (1980). The trial court did not instruct the jury to disregard the witness's answer. Moreover, Moreland testified at length to his belief that the victim was his common-law wife, that she did not belong in the neighbor's apartment, and that he was justified in retrieving her. He also questioned the neighbor along the same lines, asking if the victim intended to spend the night with him, which the neighbor denied, saying "she had asked me to take her home" to College Park. Exclusion of evidence is "wholly harmless

---

[1] Imminent adultery is not a legal justification for homicide, although it may provide the "passion" or "provocation" necessary for voluntary manslaughter. *Burger v. State*, 238 Ga. 171-172 (1) (231 SE2d 769) (1977).

where other evidence of the same facts was introduced and admitted." (Citation and punctuation omitted.) *Dukes v. State*, 224 Ga. App. 305, 308 (2) (480 SE2d 340) (1997).

3. Moreland complains that the jury's failure to reach a verdict on the kidnapping charge requires that his burglary conviction be set aside, because it was fatally inconsistent with the burglary charge and negates the proof of the underlying felony required as an element of burglary. But in order to convict Moreland of burglary the jury was only required to find an *intent* to commit the felony of kidnapping at the time Moreland entered the apartment. "For such action to constitute burglary, it is not necessary that the felony be committed as long as the intent to commit the felony was present." (Citation and footnote omitted.) *Johnson v. State*, 262 Ga. 441, 442 (1) (421 SE2d 70) (1992).

In any event, "since Georgia has rejected the inconsistent verdict rule, a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count." (Citation and punctuation omitted.) *Lawrence v. State*, 274 Ga. 794 (2) (560 SE2d 17) (2002) (conviction for possession of firearm in commission of felony upheld although defendant acquitted of underlying felony). "A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts." (Footnote omitted.) *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003). Contrary to Moreland's contention, the jury's failure to reach a verdict is at least as likely as an acquittal to indicate "compromise or lenity" rather than inconsistency.

4. Finally, Moreland asserts ineffective assistance on the part of his trial counsel in failing to call a defense witness, Moreland's landlord, and in failing to submit a request to charge on common law marriage. Trial counsel testified at the hearing on the motion for new trial that he did not call the landlord because he was able to obtain the same testimony the landlord would have given during cross-examination of other witnesses and he did not wish to lose his "extremely valuable" right to open and close final argument. This was a tactical decision.

> The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client. Whether an attorney's trial tactics are reasonable is a question of law, not fact. Because opening and closing argument is a valuable right, the trial court was authorized to conclude that the

preservation of that tactical advantage was a reasonable strategy for [Moreland's] defense attorney to pursue.

(Citations and punctuation omitted.) *Williams v. State*, 248 Ga. App. 316, 322 (7) (a) (546 SE2d 74) (2001).

Similarly, trial counsel's decisions as to the submission of requests to charge fall within the scope of trial tactics and strategy. *Champion v. State*, 238 Ga. App. 48, 49 (1) (b) (517 SE2d 595) (1999). Moreland's trial counsel testified that his tactical focus on the common law marriage issue was "not for the jury so much as" that he was attempting to persuade the trial court "that there was a common law marriage there because I wanted to — my theory there, what I was attempting to do, was to give the victim in this case, who was the common law wife of Mr. Moreland, the opportunity to back out of giving testimony under the marital privilege." Trial counsel did not submit requests to charge because, as he testified, "I had no affirmative defenses. My only theory — my only defense for Mr. Moreland was to make the state prove each and every element of each and every crime beyond a reasonable doubt. Reasonable doubt charges are standard charges by the court." He also noted that he was severely hampered in his representation by Mr. Moreland's refusal to cooperate during the trial.

"The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001). These tactical decisions by Moreland's counsel "do not amount to ineffective assistance of counsel. [Cits.]" *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED OCTOBER 8, 2003.

*Maria Murcier-Ashley*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Jesse D. Evans, Assistant District Attorneys*, for appellee.