## A06A2486. CHATMAN v. THE STATE.
(642 SE2d 361)

JOHNSON, Presiding Judge.

Kyjuane Chatman was indicted for rape, aggravated sodomy, aggravated child molestation, kidnapping, false imprisonment, and possession of marijuana. Chatman pled guilty to the marijuana charge and not guilty to all the other charges, which were tried before a jury.

At trial, the state presented evidence showing that on the morning of September 27, 2003, a 14-year-old girl was walking past Chatman's mobile home when a man came up behind her, grabbed her neck, put a hand over her mouth and dragged her into Chatman's mobile home. The girl begged the man to stop, but he pushed her onto

---

a couch, pulled down her pants and inserted his penis into her vagina. He then turned the girl onto her stomach and attempted to force his penis into her anus. After the attack, the man threatened to come after the girl if she ever told anyone about it. Two weeks later, the girl reported the attack to her mother and the sheriff's department. She identified Chatman as her attacker from a photographic lineup, and he was subsequently arrested.

The jury found Chatman guilty of all the charged offenses. The judge imposed life sentences on the rape and aggravated sodomy counts, ruling that the aggravated child molestation count merged with the aggravated sodomy count. The court also imposed sentences of twenty years for kidnapping, ten years for false imprisonment and twelve months for marijuana possession, ordering that all of the sentences run concurrently. Chatman's motion for a new trial was denied and he appeals.

1. Chatman claims the trial court erred by refusing to excuse two prospective jurors for cause. The claim is without merit.

> The law presumes that potential jurors are impartial, and the burden of proving partiality lies with the party seeking to have the juror disqualified. The court must excuse a potential juror for cause based on the juror's partiality, however, if an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. Whether to excuse a juror for cause lies within the sound discretion of the court.[1]

During voir dire in the present case, one prospective juror indicated that she might not be impartial because she has a thirteen-year-old child. But upon further questioning by the court and the attorneys, she testified that she was sure she could listen to the evidence, evaluate it fairly and not let her feelings concerning her own child impact her decision.

Another juror stated that he might be biased due to the nature of the charges and that he might be distracted because he would soon be going to Iraq. But during further questioning, he recanted the statement that he might be biased based on the charges themselves. He further testified that he could pay attention to the evidence as instructed by the court, that his personal life would not distract him and that he could be fair to both sides in the case.

---

[1] (Citations and punctuation omitted.) *Hollis v. State*, 269 Ga. App. 159 (1) (603 SE2d 516) (2004).

"This is not a case where the trial court coercively rehabilitated a prospective juror who had expressed well-founded doubts about being able to serve impartially because of a close relationship with one of the parties or because of extrajudicial knowledge of the events at issue."[2] Instead, it is clear from the record that neither juror held an opinion that was so fixed and definite that he or she could not set it aside and base his or her decision on the evidence, and therefore the trial court did not abuse its discretion in refusing to excuse the jurors for cause.[3]

2. Chatman contends that the trial court erred in its jury instruction on eyewitness identification, noting that the "level of certainty" portion of the instruction was disapproved in *Brodes v. State*.[4] Chatman, however, requested the instruction given and he has therefore waived any challenge to the use of that instruction.[5]

3. Chatman argues that the trial court erred in ruling that the kidnapping and false imprisonment offenses do not merge as a matter of fact. "In determining whether merger has occurred, the key question is whether the different offenses are proven with the same facts. If one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge."[6]

In the instant case, the kidnapping and false imprisonment charges were not proven with the same facts. Rather, the evidence shows that the kidnapping occurred when Chatman abducted the victim outside of his mobile home and forced her to go inside it.[7] That crime was complete before the false imprisonment took place, which was proven by the facts that once inside the mobile home, Chatman kept the victim there against her will while he sexually assaulted her.[8] Because the kidnapping and false imprisonment offenses were proven by different facts, the trial court did not err in holding that the crimes do not merge.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[2] (Citation and punctuation omitted.) *Moreland v. State*, 263 Ga. App. 585, 586 (1) (588 SE2d 785) (2003).

[3] Id. at 587 (1).

[4] 279 Ga. 435, 442 (614 SE2d 766) (2005).

[5] See *Walker v. State*, 280 Ga. App. 457, 462 (5) (634 SE2d 93) (2006).

[6] (Citations and punctuation omitted.) *Kellibrew v. State*, 239 Ga. App. 783, 786 (4) (521 SE2d 921) (1999).

[7] OCGA § 16-5-40 (a) (person commits kidnapping when he abducts any person without lawful authority and holds such person against his will).

[8] OCGA § 16-5-41 (a) (person commits false imprisonment when, in violation of personal liberty of another, he confines or detains that person without legal authority).

DECIDED FEBRUARY 21, 2007.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellee.