A09A0186. OUSLEY v. THE STATE.

(675 SE2d 226)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of Decatur County found Sandra Ousley guilty beyond a reasonable doubt of one felony count of fraud in obtaining public assistance, OCGA § 49-4-15 (a), and twelve counts of making false statements and writings, concealing facts, and executing fraudulent documents in matters within the jurisdiction of state or political subdivisions, OCGA § 16-10-20. She appeals, contending that the court erred in finding that the 12 counts of making false statements did not merge as a matter of fact with the fraud count. For the following reasons, we reverse the felony fraud conviction and remand for resentencing for misdemeanor fraud in obtaining public assistance. We affirm the convictions for making false statements and find that they do not merge into the fraud count as a matter of law or fact.

1. As an initial matter, we have reviewed the record and find that the evidence presented by the State is insufficient as a matter of law[1] to support Ousley's felony conviction for fraud in obtaining public

---

[1] Although Ousley did not directly challenge the sufficiency of the evidence on appeal, we address this issue because "[e]very person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." OCGA § 16-1-5. See also *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (in determining whether the evidence is sufficient to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

assistance, OCGA § 49-4-15.[2] In the indictment, the State charged Ousley with fraud, alleging that, between March 1, 2002 and March 31, 2006, Ousley made false statements and, as a result, she obtained a larger amount of public assistance (food stamps, Temporary Aid to Needy Families, and childcare support) than she was entitled to, in an amount exceeding $500, "to wit: $24,616.00."

During the bench trial, the State presented evidence that showed that Ousley got married in January 2002 and that her husband was living with her and her three children during the relevant time period. The State also showed that Ousley repeatedly failed to report her husband or his income to the State agencies from which she was receiving public assistance.[3] According to the State, because the number of occupants in the home and the income of those occupants determines the amount of public assistance that a family receives, Ousley received more public assistance money than she would have been entitled to had she been honest.

The State failed to present any evidence, however, establishing the *amount* of public assistance Ousley would have received if she had reported her husband and his income to the State. Instead, the State only showed that Ousley had received a *total* of $24,616 in public funds during the relevant period.[4] Thus, there is no evidence in the record to show that Ousley received *at least $500 more* in public assistance than the amount to which she was legally entitled.

Under the circumstances, we conclude that the evidence was sufficient for a rational factfinder to conclude that Ousley committed fraud in obtaining *some amount* of public assistance to which she was not entitled. Therefore, the court properly convicted her of welfare fraud.

---

beyond a reasonable doubt") (citation omitted; emphasis in original).

[2] Under OCGA § 49-4-15 (a) (2),

[any] person who by means of a false statement, failure to disclose information, or impersonation, or by other fraudulent device, obtains or attempts to obtain . . . [a] larger amount of public assistance, food stamp allotment, or medical assistance (Medicaid) than that to which he is entitled . . . shall be guilty of a misdemeanor unless the total amount of the value of public assistance, food stamps, and medical assistance (Medicaid) so obtained exceeds $500.00, in which event such person shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years.

[3] See OCGA § 49-4-12 (b) ("If, at any time during the continuance of public assistance, the recipient thereof becomes possessed of income or resources in excess of the amount previously reported by him or if other changes shall occur in the circumstances previously reported by him which would alter either his need or his eligibility, it shall be his duty to notify the county department of such fact immediately on the receipt or possession of such additional income or resources or on the change of circumstances.").

[4] The State and defense counsel agreed to stipulate that Ousley "received payments of food stamps, . . . Temporary Assistance for Needy Families, and childcare support covering $24,616 between March 1, 2002 and March 31, 2006."

488

As this Court stated in *Dix v. State*, 156 Ga. App. 868, 869 (275 SE2d 807) (1981), a case which also involved welfare fraud,

> [t]he offense here consisted of violation of a statutory provision; the amount involved applies only to punishment. Thus, one can be convicted if the [S]tate alleges the general terms of the statute and shows that some amount of value was obtained fraudulently. However, this does not mean that a felony conviction is authorized in all cases. The proof must show that the value received exceeded $500.

(Citation omitted.) Because the evidence presented in this case was sufficient to prove that Ousley committed fraud that resulted in her obtaining more public assistance than she was entitled to receive, but the State failed to prove that that amount exceeded $500, we must reverse Ousley's felony fraud conviction and remand the case to the trial court with direction that the trial court resentence Ousley to punishment which does not exceed the punishment authorized for a misdemeanor. Id. at 870. See also *Gill v. State*, 141 Ga. App. 823, 824 (234 SE2d 665) (1977), (accord).

2. Ousley contends that her 12 convictions for making false statements to and concealing certain material facts from the government, in violation of OCGA § 16-10-20, should have merged into her fraud conviction. We disagree.

> Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy. OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted.

(Citations and punctuation omitted; emphasis in original.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). In determining whether there are two separate offenses or one crime is included in the other, Georgia's courts apply the "required evidence" test. *Williams v. State*, 293 Ga. App. 193, 194 (1) (666 SE2d 703) (2008).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the [required evidence

test] is whether each provision requires proof of a fact which the other does not. As [the Supreme Court of Georgia] stated previously, a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

(Citation and punctuation omitted.) Id. See also *Drinkard v. Walker*, 281 Ga. 211, 214-217 (636 SE2d 530) (2006) (adopting the "required evidence" test for determining when one crime is included in another under OCGA § 16-1-6 (1), and overruling cases which are inconsistent with that test).

Under OCGA § 16-10-20,

[a] person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

In this case, Ousley violated OCGA § 16-10-20 each time she intentionally made a false statement or concealed a material fact on the 12 official government documents admitted into evidence. In contrast, Ousley violated OCGA § 49-4-15 (a) (2)[5] when she knowingly and intentionally accepted more public financial assistance than that to which she was entitled over a period of four years[6] by making false statements and concealing facts. Thus, the two statutes have different elements of knowledge and intent: the intention to make a statement to the government that she knew to be false or to conceal a fact from the government (OCGA § 16-10-20) versus the intention to obtain a larger amount of public assistance than that to which she was entitled and the knowledge that she was, in fact, receiving that extra assistance (OCGA § 49-4-15). Moreover, the

---

[5] See footnote 2, supra.

[6] Under OCGA § 49-4-15 (a), in determining the amount of public assistance obtained in violation of the statute, "the total amount obtained during any uninterrupted period of time shall be treated as one continuing offense."

crimes of making a false statement or concealing a material fact were complete as soon as Ousley signed each of the documents at issue. She did not violate OCGA § 49-4-15, however, until she received and cashed government checks for an amount greater than she should have received. See *Chatman v. State*, 283 Ga. App. 673, 675 (3) (642 SE2d 361) (2007) ("If one crime is complete before the other takes place, the two crimes do not merge.") (punctuation and footnote omitted).

Consequently, the offenses did not merge. *Drinkard v. Walker*, 281 Ga. at 214-217; *Williams v. State*, 293 Ga. App. at 194 (1); *Chatman v. State*, 283 Ga. App. at 675 (3). There was no error.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 5, 2009.

Jami L. Horne, for appellant.

Joseph K. Mulholland, District Attorney, Charles M. Stines, William J. Hunter, Assistant District Attorneys, for appellee.