# Court of Appeals
# of the State of Georgia

ATLANTA,   September 06, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0015, A17D0026.  KYJUANE CHATMAN v. THE STATE.**

In 2004, Kyjuane Chatman was convicted of rape and other crimes and was sentenced as a recidivist to life imprisonment.  We affirmed his convictions on appeal. *Chatman v. State*, 283 Ga. App. 673 (642 SE2d 361) (2007).  In 2015, Chatman filed a motion to modify his sentence, arguing that the sentence was void because OCGA § 17-10-7 (c) required that it exclude the possibility of parole.[1]  The trial court denied the motion, and Chatman filed an application for discretionary appeal in this Court.  We denied the application.  See Case No. A16D0147, denied December 15, 2015.

Back in the trial court, Chatman filed a "Motion to Vacate and Modify Void Sentence," arguing again that his sentence was void because it allowed for the possibility of parole.  The trial court denied the motion.  Chatman also filed motions seeking records of the grand jury proceedings at which he was indicted to support his argument that his convictions are void.  The trial court also denied those motions.  In Case No. A17D0015, Chatman seeks discretionary review of the order denying his

---

[1] Before filing that motion, Chatman filed a motion to "re-open his case," which the trial court denied.  Chatman appealed directly to this Court, but we dismissed his appeal.  See Case No. A11A0194, dismissed April 13, 2011.  Chatman then filed a motion to modify his sentence, arguing that the State had not given him notice of its intent to seek recidivist punishment.  The trial court denied that motion, and Chatman applied to this Court for discretionary review.  We dismissed his application on the ground that he had failed to raise a colorable void-sentence claim.  See Case No. A15D0175, dismissed December 19, 2014.

motion to vacate a void sentence. In Case No. A17D0026, he seeks discretionary review of the denial of his motions for grand jury records. We lack jurisdiction over both applications.

With respect to Case No. A17D0015, involving Chatman's void-sentence challenge, "[i]t is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). In Case No. A16D0147, we ruled on the same void-sentence challenge that Chatman makes here, and our ruling constituted a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013) ("when this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits") (punctuation omitted). "Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon." *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (punctuation omitted). In short, Chatman "is not entitled to multiple bites at the apple." *Ross*, 310 Ga. App. at 328; see also *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). Accordingly, Case No. A17D0015 is hereby DISMISSED.

With respect to Case No. A17D0026, Chatman contends that he is entitled to records of his grand jury proceedings to substantiate his claim that irregularities in the grand jury proceedings tainted his indictment and deprived the trial court of subject matter jurisdiction over his case. In essence, Chatman seeks to vacate his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence). But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an

order denying or dismissing such a motion must be dismissed. See *Harper*, supra at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Accordingly, Case No. A17D0026 is also DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   09/06/2016
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*