# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0291. KYJUANE L. CHATMAN v. THE STATE.**

Kyjuane L. Chatman has filed the instant application for discretionary review of the trial court's order denying his (1) "motion requesting court to clarify the legality of the complete sentence given pursuant to OCGA § 17-10-7 (c)," and (2) "plea of nul tiel record." In the motion, he asserted that his sentence was void because OCGA § 17-10-7 (c) required that it exclude the possibility of parole. In the plea, he asserted that he was entitled to records of his grand jury proceedings to substantiate his claim that irregularities in those proceedings tainted his indictment and deprived the trial court of subject matter jurisdiction over his case. We lack jurisdiction over the instant application.

In 2004, Chatman was convicted of rape and other crimes and was sentenced as a recidivist to life imprisonment. We affirmed his convictions on appeal. See *Chatman v. State*, 283 Ga. App. 673 (642 SE2d 361) (2007). In 2015, Chatman filed a "motion to modify void sentence," arguing that his sentence was void because it allowed for the possibility of parole. The trial court denied the motion, and Chatman filed in this Court an application for discretionary review, which we denied. See Case No. A16D0147 (denied Dec. 15, 2015). In 2016, Chatman filed a "motion to vacate and modify void sentence," again arguing that his sentence was void because it allowed for parole. The trial court denied the motion. Chatman filed in this Court an application for discretionary review, which we dismissed on law-of-the-case grounds. See Case No. A17D0015 (dismissed Sept. 6, 2016).

In 2015, Chatman filed a "motion in arrest of judgment," arguing that he was entitled to records of his grand jury proceedings to substantiate his claim that

irregularities in those proceedings tainted his indictment and deprived the trial court of subject matter jurisdiction over his case. The trial court denied the motion, and Chatman challenged the denial in his discretionary application in Case No. A16D0147, which – as previously noted – we denied. In 2016, Chatman again filed motions seeking records of the grand jury proceedings to support his argument that his convictions were void. The trial court denied those motions. Chatman filed in this Court an application for discretionary review, which we dismissed on the basis that he was essentially seeking to vacate his convictions, but a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. See Case No. A17D0026 (dismissed Sept. 6, 2016).

Chatman's instant application is subject to dismissal, as it seeks to raise issues that have been raised and resolved in earlier appeals. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). In Case Nos. A16D0147 and A17D0015, we ruled on the same void-sentence challenge that Chatman makes here. In Case Nos. A16D0147 and A17D0026, we ruled on the same challenge to the grand jury proceedings and indictment that Chatman makes here. These rulings constituted decisions on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013) ("when this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits").

In short, Chatman "is not entitled to multiple bites at the apple." *Ross*, 310 Ga. App. at 328; see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (punctuation omitted); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000)

("It is axiomatic that the same issue cannot be relitigated *ad infinitum*."). Accordingly, the instant application for discretionary review is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 02/07/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*